Eastern Dis.
*April*, 1834.

ZACHARIE
ET AL.
*vs.*
O'BEIRNE
ET AL.
┌─────────┐
│ 6 L 398 │
│ 47 523  │
└─────────┘

ZACHARIE ET ALS. *vs.* O'BEIRNE ET ALS.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

A mortgage on one third of a certain steamboat was given in Kentucky, to secure the mortgagee residing in this state, for advances made and to be made here for the mortgagor; the mortgage was forwarded to the mortgagee, to whom the boat was consigned, and in whose possession she was when attached. *It was held* that this was an inchoate mortgage, to take effect only on the acceptance of the mortgagee, that it is to be governed by the laws of this state, and that not having been duly recorded here, it cannot have effect against the creditors of the mortgager.

The consignee has no privilege on a steam boat for monies which he has advanced on the boat.

An opposing creditor connot urge a claim in the Supreme Court which was not stated in his opposition in the inferior court.

On the 23d of March, 1833, J. W. Zacharie & Co. instituted a suit by attachment against the defendants. Among the property seized under the writ was the defendant's interest in the steam boat Watchman.

It appears that O'Beirn, Shannon and Baldwin were in partnership, that they owned one third of the Watchman, and that on the 25th of September, 1832, Baldwin sold out to O'Beirne & Shannon, the new firm. On the 8th of November, 1832, a new enrollment of the Watchman was issued, by which it appears that John Harrington, Joseph Barbour, John O'Beirne and Patric Shannon, are the owners. There is an endorsement that Harrington, on the 19th of September, 1832, has mortgaged his interest to O'Beirne, Baldwin & Co., to secure one thousand four hundred thirty-nine dollars and fifty cents.

On the 3d November, 1832, O'Beirne & Shannon wrote to Sloo & Byrne as follows:

"We have this day valued on you in favor our mutual

friends, Messrs. Stewart & Sloo, at four months, for three
thousand eight hundred dollars, predicated on an arrange-
ment of our interest and claim on the steamer Watchman,
which bill you will please honor and debit us with.    The
boat is consigned to your house; her original papers, accom-
panied with a power of attorney, &c., will leave about
the 7th.    We will write you fully our views, and submit her
future destination to your discretion."

On the 9th of November, 1832, O'Beirne & Shannon
addressed to Sloo & Byrne a letter, fromw hich the following
extracts are taken:

"Mr. Robinson will hand our mortgage to you on one
third of the boat, also the mortgage we hold on Capt. Har-
rington, 3d., and her enrollment, which you will please hold
until you receive from us Mr. Barbour's power of attorney
to sell his third.    We are desirous that the boat, until you
are fully prepared to effect a sale, should be kept below, and
put snto some trade, where she might, in your judgment,
make something.    We have her insured here for one
month from this date, leaving it with you to effect insurance
at New-Orleans in the sum of eight thousand dollars, if
practicable, after the 9th of December next, being the day
on which the policy here will expire.

" If you can obtain at the rate of seven thousand five hun-
dred or eight thousand dollars for two thirds of the boat, with
the amount of our mortgage on Harrington's third added, we
would be willing to sell; in any disposition you make, the
owners will settle our account here with each other, you
giving us an account current to date of sale.    Capt. Har-
rington will comply with any advice which you may be
pleased to give, as to the trade and destination generally.
We refer you to Mr. Robertson for further particulars."

There is a power of attorney to sell, also a mortgage to
Sloo & Byrne, of one third of the boat, and an assignment
of Harrington's mortgage, dated 8th of November, 1832.
These papers are drawn in the common law form.    The
mortgage was to secure payment of the draft and any future
advances or acceptances.

EASTERN DIS.
*April*, 1834.

ZACHARIE
ET AL.
*vs.*
O'BEIRNE
ET AL.

On the institution of the attachment by J. W. Zacharie & Co., an opposition was filed by Sloo & Byrne, alledging preference by mortgage, a delivery of the boat into thei possession, and the amount of their claim under it.

The plaintiff had judgment for four thousand one hundred ninety-eight dollars and eighty-three cents, against John O'Beirne and Patrick Shannon. The opposition was dismissed.

After an ineffectual attempt to obtain a new trial, the opponents appealed.

*Worthington*, for opponents and appellants, contended that:

1. The judgment below was erroneous, because the opponents were as mortgagees in possession, entitled to a privilege on the steam boat Watchman, according to the terms of the mortgage.

2. Because as consignees, even, they would be entitled to a privilege for advances.

3. Because as separate creditors of O'Bierne & Shannon, in whom the title reposed, they were in equity to be preferred to the creditor, of O'Beirne, Baldwin & Co.

*Strawbridge*, for the plaintiffs and appellees.

MARTIN, J., delivered the opinion of the court.

In March, 1833, the present suit was instituted by a process of attachment, which was levied, among other property, on the interests of the defendants, O'Beirne, Baldwin & Shannon, in the steam boat Watchman. The third of this boat being the property of these three defendants, who were partners in trade, Baldwin, in September, 1832, sold to his partners his interest in her, and withdrew from the partnership. By a new enrollment, taken out in November following, it appears that the boat was owned by Harrington, Barbour, O'Beirne & Shannon, and an endorsement

attests that Harrington's share had, in September, 1832, been mortgaged to O'Beirne, Baldwin & Shannon, to secure a sum of one thousand four hundred and odd dollars. In November, 1832, O'Beirne & Shannon wrote to Sloo & Byrne that they had drawn on them for three thousand eight hundred dollars, predicated on an arrangement of their interest in and claim on the boat, which was consigned to them, and her original papers with a form of attorney would be forwarded. Three days after, O'Beirne & Shannon wrote to Sloo & Byrne that Robinson, who appears to have been the clerk of the boat, would hand them their mortgage as well as that of Harrington's, and the enrollment; that Barbour would send them a power of attorney to sell his third. They requested that till a sale of the boat could be affected, she might be kept below in some useful trade, and Harrington would agree to any destination they might make of her. All this happened in Louisville, Kentucky. The boat afterwards came to New-Orleans, and here the interest of O'Beirne, Baldwin & Shannon was attached in the present suit.

Sloo & Byrne filed their petition of intervention and opposition, and entered their claim as mortgagees of the third owned by O'Beirne & Shannon, and assignees of their mortgage of the third owned by Harrington.

Their opposition was dismissed, and they appealed.

They complain of the judgment of the District Court.

1. Because it disregards the privilege they were entitled to as mortgagees in possession.

2. As well on that which as consignees they had for their advances.

3. Because as creditors of O'Beirne & Shannon, they are to be preferred on the property of that firm, to those of O'Beirne, Baldwin & Shannon.

I. It does not appear to this court that the first judge erred in disregarding the claim of privilege under the mortgage given O'Beirne & Shannon of their third of the boat. The contract between three of the appellants, took effect on the assent given by the appellants in this state; till then,

EASTERN DIS.
*April, 1834.*

ZACHARIE
ET AL.
*vs.*
O'BEIRNE
ET AL.

A mortgage on one third of a certain steam boat was given to secure the mortgagee, residing in this state, for advances made and to be made

The consignee has no privilege on a steam boat for monies which he has advanced on the boat.

the contract was an inchoate one only. Tnerefore, the clerk of the boat, to whom the documents were delivered, held them for O'Beirne & Shannon, who might have cancelled them at any time before they were received by the appellants. As a contract of mortgage, under the law of Louisiana, the mortgagees cannot avail themselves against third persons, because it was not recorded as required by the *Civil Code*, *art.* 25. The clerk of the boat appears to us to have been without any authority, express or implied, to act for the appellants, neither does he appcar to have done any act or given any assent as their agent.

II. It does not appear that the appellants have any privilege on the boat, as consignees. The *privilege of* persons of this description, is confined to merchandise. *Civil Code, art.* 3214.

III. The claim of preference or privilege on the property of O'Beirne & Shannon, to the creditors of O'Beirne, Baldwin & Shannon, was not urged in the intervention or opposition, nor was it brought forward in the District Court, otherwise than by a motion for a new trial. The district judge thought it was too late, but observed, that the claim would not have prevailed, if insisted on in a new trial. The plaintiffs might have shown that on the dissolution of the old firm, the new one assumed the payment of the debts of the former. In this opinion we concur.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Parish Court be affirmed with costs.